IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-CV-00098-RLV
(5:10-CR-00005-RLV-DCK-7)

| | |
|---|---|
| JUAN SOLIS AGUIRRE, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Doc. No. 1). The Court finds that no response is necessary from the Government. For the reasons that follow, Petitioner's Motion will be denied and dismissed.

## I. BACKGROUND

On February 16, 2010, Petitioner and others were charged in an indictment returned by the Grand Jury sitting for the Western District of North Carolina. (5:10-CR-00005, Doc. No. 1). Count One charged Petitioner and others with knowingly conspiring to possess with intent to distribute in excess of (5) kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). On March 17, 2010, Petitioner made his initial appearance before the magistrate judge and was appointed counsel. Petitioner entered a plea of not guilty at his arraignment but later agreed to withdraw that plea and instead enter a plea of guilty to Count One without the benefit of a plea agreement. On June 15, 2010, Petitioner appeared with counsel before the magistrate judge for his Rule 11 hearing. Following the standard and thorough colloquy, the Court accepted Petitioner's plea of guilty to Count One. (Doc. No. 93: Acceptance and Entry of

1

Guilty Plea).

On December 13, 2011, Petitioner appeared with counsel before the Court for his sentencing hearing. Petitioner and the Government reached an agreement regarding sentencing which was shared with the Court. The Government agreed to withdraw its notice of enhancement under 21 U.S.C. § 851. (Doc. No. 75). In return, Petitioner agreed that he was responsible for the amount of cocaine as alleged in the indictment, five (5) kilograms. (Doc. No. 208: Transcript of Sentencing Hearing at 13). The Government further agreed to a three-point reduction in Petitioner's offense level for acceptance of responsibility. This stipulation reduced Petitioner's potential term of imprisonment from a mandatory minimum 20-year sentence to a sentence with a Guideline range of 151-188 months. (Id. at 13). The Court accepted the stipulations and sentenced Petitioner to a term of 151-months imprisonment. (Doc. No. 187: Judgment in a Criminal Case at 2).

On December 21, 2011, Petitioner filed a pro se notice of appeal from the Judgment to the United States Court of Appeals for the Fourth Circuit, and was later appointed appellate counsel. (Doc. No. 189). On appeal, Petitioner's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending there were no meritorious issues for appeal. Nevertheless, counsel raised the following issues: (1) whether Petitioner entered a knowing and voluntary plea of guilty to Count One of the Indictment; and (2) whether the district court violated Rule 32 of the Federal Rules of Criminal Procedure during Petitioner's sentencing hearing. United States v. Aguirre, 474 F. App'x 261 (4th Cir. June 21, 2012) (unpublished). The Court found that Petitioner's Rule 11 hearing was properly conducted; that the requirements of Fed. R. Crim. P. 32 were satisfied; that Petitioner's 151-month sentence was reasonable; and his sentence was "free of significant procedural error and is substantially reasonable." Id. at 262

(citing Gall v. United States, 552 U.S. 38, 51 (2007) (internal citation omitted)).

On July 13, 2012, Petitioner filed the present Section 2255 motion and therein contends that he received ineffective assistance of counsel, and that he is actually innocent. (5:12–CV–00098, Doc. No. 1-1). On the latter claim, Petitioner explains that he "is not contesting the conviction, but rather the sentence that he was erroneously convicted [of] when he was 'actually innocent' of same." (Doc. No. 1-1 at 11).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.

Petitioner requests an evidentiary hearing. (Doc. No. 1-1 at 13). After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing based on the prior court record, and the documents and arguments presented by the parties. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

A. Ineffective Assistance of Counsel

In order to establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668, 687–91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689.

To demonstrate prejudice, Petitioner must show a probability that the alleged errors

3

worked to his "actual and substantial disadvantage, infecting his trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting United States v. Frady, 456 U.S. 142, 170 (1982)). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins v. Garrison, 724 F.2d at 1430–31 (4th Cir.1983)). Therefore, if Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir.1998). Rather, the Court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

A petitioner seeking post-conviction relief bears a heavy burden to overcome this presumption of effective assistance of counsel, and the presumption is not overcome by conclusory allegations. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir.1983). Indeed, the petitioner bears an even heavier burden where the claim of ineffective assistance of counsel follows the entry of a guilty plea. Where defendant has pled, he must show that but for counsel's unprofessional errors, he would have gone to trial instead of pleading guilty. Hill v. Lockhart, 474 U.S. 52, 58 (1985). In order to demonstrate an entitlement to relief when the claim involves a sentencing issue, Petitioner must, at a minimum, allege facts which establish that his "sentence would have been more lenient" absent counsel's errors. Royal v. Taylor, 188 F.3d 239, 248–49 (4th Cir.1999).

In the present case, Petitioner has failed to carry his burden to establish that he suffered

any prejudice caused by his counsel's performance under the exacting standards of Strickland. The relentless argument which Petitioner presses in his Section 2255 motion is that he did not understand the charge against him or the possible penalties he faced if convicted, in particular, the length of incarceration. This argument is unsupported by the record in this matter.

      Petitioner was born in Mexico and reported he attended school for only two weeks in Mexico as a child, and as an apparent consequence, Petitioner does not read or write well in his native language of Spanish, and he cannot write in English, and he speaks very little English. (5:10-CR-00005, Doc. No. 131: Presentence Investigation Report ("PSR") at 14 ¶ 52). A Spanish speaking interpreter was appointed to assist defense counsel in his representation of Petitioner and an interpreter was present with Petitioner and his counsel at all court hearings. (Doc. No. 37). Petitioner raised the issue of his language barrier in three hearings which were held before the magistrate judge regarding the status of his counsel. Petitioner had asked his attorney to file motions to withdraw from further representation contending that he needed a new attorney because his appointed counsel was unable to help him understand why the Government attributed 18 kilograms of cocaine to him. (Doc. Nos. 143, 162). Petitioner repeatedly conceded that he was responsible for the possession, delivery, and sale of only 8 ounces of cocaine to an undercover officer. See, e.g., (Doc. No. 207: Transcript of Rule 11 Hearing at 4; Doc. No. 208: Sentencing Transcript at 8: "I did deliver the 8 ounces and that's the reason that I pled guilty." ). In each of the status of counsel hearings, after inquiry from the magistrate judge, Petitioner agreed that his counsel should continue to represent him. As noted, on December 13, 2011, Petitioner appeared with counsel before the Court for his sentencing hearing and Petitioner again confirmed that he wished to proceed with his appointed counsel.

      While Petitioner is correct that he is entitled to effective assistance of counsel during the

time he is evaluating whether to plead guilty or elect to go trial, there was no such failure on the part of his counsel in this case. See Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012) (finding that defendants have a "Sixth Amendment right to counsel, a right that extends to the plea-bargaining process" ) (citing Missouri v. Frye, 132 S. Ct. 1399 (2012)). "During the plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'" Id. (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). Moreover, as will be explained below, Petitioner is foreclosed from attacking his guilty plea under the guise of an ineffective assistance of counsel claim.

On appeal, the Fourth Circuit noted that Petitioner had never moved to withdraw his guilty plea. In his Section 2255 motion, Petitioner makes that fact plain: Petitioner "is not contesting the conviction, but rather the sentence that he was erroneously convicted [of] when he was 'actually innocent' of same." (5:12-cv-00098, Doc. No. 1-1 at 11). Petitioner argues that his plea of guilty was not knowing and voluntary because although he was guilty of conspiring with others to possess with intent to distribute cocaine, he only agreed to be held responsible for 8 ounces of cocaine. Petitioner's argument that his plea of guilty was not knowing and voluntary was decided against him in his appeal. "Our review of the record reveals that Aguirre's plea hearing was conducted in compliance with Rule 11." Aguirre, 474 F. App'x at 262. This means that the Fourth Circuit has decided that Petitioner understood the minimum and maximum penalties, including the possibility of the 20-year mandatory minimum. This clear finding by the Fourth Circuit precludes the challenge Petitioner is now pressing in his Section 2255 motion.[1]

---

[1] The Court notes that Petitioner stipulated to the drug amounts as alleged by the Government during his sentencing hearing. (5:10-CR-00005, Doc. No. 208: Sentencing Transcript at 13).

Section 2255 jurisprudence makes plain that issues which are decided on direct appeal cannot be recast in the form of a § 2255 motion in the absence of a favorable, intervening change in the law.[2] See Davis v. United States, 417 U.S. 333, 342 (1974); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) ("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under Section 2255."). The Fourth Circuit's finding that his plea was knowing and voluntary therefore precludes his first challenge and it is accordingly denied.

B. Actual Innocence

Through his second claim, Petitioner contends the following:

> Through [] the entire proceedings both the United States and petitioner's defense counsel informed petitioner unless he agreed with everything he was being told, the government would seek an enhancement that would double his sentence using 21 U.S.C. § 851 based on a prior drug offense.

(Doc. No. 1-1 at 10). Petitioner's argument regarding the Section 851 enhancement is without merit.

On April 14, 2010, the Government served Petitioner with notice of its intention to seek enhanced penalties under 21 U.S.C. § 851. (5:10-CR-00005, Doc. No. 75). The Government identified four prior felony drug convictions which would serve as predicate felonies to enhance his sentence and provide him with a mandatory minimum sentence of 240-months. (Doc. No. 131: PSR at 15 ¶¶ 57-58). During Petitioner's sentencing hearing, the Government and Petitioner reached an agreement that the Section 851 enhancement would be withdrawn in return for Petitioner's agreement to be held responsible for at least 5 kilograms of cocaine, as alleged in

---

[2]Petitioner appears to make an argument regarding an intervening change in the law. As will be explained in the discussion of his second claim for relief, this argument is without merit.

his indictment. (Doc. No. 1: Indictment at 1-2; Doc. No. 208: Sentencing Transcript at 13-14). Therefore, Petitioner could have suffered no prejudice for a Section 851 that was withdrawn and thus provided no enhancement to his sentence. (Doc. No. 208 at 16: "Defendant's objection 3 [to the PSR] going to the 851 is moot because the government has withdrawn it."). This claim is denied.

Petitioner also appears to reiterate his argument that his plea of guilty was not knowing and voluntary. As the Court explained above, this argument is overruled.

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion is **DENIED** and **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

8

Case 5:12-cv-00098-RLV   Document 2   Filed 10/10/12   Page 8 of 9

Signed: October 10, 2012

Richard L. Voorhees
United States District Judge